UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAURUS BUCHANAN (#339326)

VERSUS CIVIL ACTION

BURL CAIN, ET AL NUMBER 07-974-JVP-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 10, 2008.

Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAURUS BUCHANAN (#339326)

VERSUS CIVIL ACTION

BURL CAIN, ET AL NUMBER 07-974-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Taurus Buchanan for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 9, 1994. Petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections.

Petitioner's conviction and sentence was affirmed on appeal. *State of Louisiana v. Taurus Buchanon*, 1995-0625 (La. App. 1st Cir. 5/10/96), 673 So.2d 663. Petitioner's application for supervisory review was denied by the Louisiana Supreme Court. *State of Louisiana v. Taurus Buchanon*, 1996-1411 (La. 12/6/96), 684 So.2d 923.

On October 14, 1997, the petitioner filed an application for post-conviction relief. The trial court denied relief on June 5, 1998. Petitioner sought review by the First Circuit Court of

Appeal. The court denied review. *State of Louisiana ex rel. Taurus Buchanan*, 1998-1483 (La. 1st Cir. App. ). Petitioner sought review by the Louisiana Supreme Court. On February 12, 1999, the Louisiana Supreme Court denied review. *State of Louisiana ex rel. Taurus Buchanan v. State of Louisiana*, 1998-2467 (La. 2/12/1999), 738 So.2d 564.

On November 23, 2004, the petitioner filed a second application for post-conviction relief in the Nineteenth Judicial District Court.[1] On August 15, 2006, the district court denied relief on the grounds that it was filed untimely and the claim was inexcusably omitted from his prior application for post-conviction relief, pursuant to La.C.Cr.P. art. 930.8 and art. 930.4(E), respectively.[2] On September 5, 2006, the petitioner sought review by the First Circuit Court of Appeal.[3] The court denied review on November 14, 2006. *State of Louisiana v. Taurus Buchanan*, 2006-1801 (La. App. 1st Cir. 11/14/06).[4] Petitioner sought review by the Louisiana Supreme Court on December 6, 2006.[5] The Louisiana Supreme Court denied review on October 5, 2007. *State of Louisiana*

---

[1] Record document number 2, appendix L.

[2] Record document number 2, appendix E.

[3] Record document number 1, appendix A, record document number 2, appendix D.

[4] Record document number 2, appendix C.

[5] Record document number 2, appendix B.

*ex rel. Taurus Buchanan v. State of Louisiana*, 2006-3021 (La. 10/5/07), 964 So.2d 381.

Petitioner signed his federal habeas corpus application on December 17, 2007, and it was filed on December 28, 2007.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of

review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on March 6, 1997.[6] Even excluding the two years and four months when the petitioner's first application for post-conviction relief was pending, by the time the petitioner filed his second application for post-conviction relief on November 23, 2004, the time limit to file a federal habeas corpus application had already elapsed.[7] Petitioner's federal habeas corpus application was not timely filed.

Petitioner argued that it was not until he learned of new facts from an eye witness that he filed his second post-conviction relief application, which then tolled the time for filing his federal habeas application while it was pending.[8] Congress provided an exception to the rule that the limitations period commences at the finality of the state court conviction

---

[6] For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

[7] Although the entire state court record was not filed in response to the court's March 8, 2006 order, the portions of the state court record produced are sufficient to determine timeliness of the petitioner's federal habeas corpus application. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[8] Record document number 1, Petition, p. 10; record document number 2, supporting memorandum, p. 1.

proceedings. Under 28 U.S.C. § 2244(d)(1)(D) the one year period of limitation runs from the date when the factual predicate for the claim could have been discovered through the exercise of due diligence.

Even if the petitioner's habeas corpus application was timely filed, it is nonetheless procedurally barred.

Petitioner filed this application raising a single ground for relief: the state withheld exculpatory evidence. When a state court decision to deny relief rests on a state law ground that is independent of the federal questions raised by the petitioner and is adequate to support the judgment, the federal courts lack jurisdiction to review the merits of the petitioner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991); *Moore v. Roberts*, 83 F.3d 699, *reh. denied*, 95 F.3d 56 (5th Cir. 1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman*, at 729-730, 111 S.Ct. at 2554.

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.*, at 731-32, 111 S.Ct. at 2554-55 (quoting *Rose v. Lundy*, 455

U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982)); *Moore*, at 703.

For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claim must explicitly rely on a state procedural rule to dismiss the petitioner's claims. *Moore*, at 702; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id*. Petitioner can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id*. Even if the state procedural rule is strictly and regularly followed, the petitioner can still prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Moore*, at 702.

Petitioner did not even attempt to establish that the procedural rule of Article 930.8 has not been "strictly or regularly followed," *Sones*, at 416, by the Louisiana state courts. Moreover, Article 930.8 has been expressly found to be an adequate state procedural rule. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997). Nor did the petitioner present any argument that he has overcome the procedural bar by demonstrating the necessary cause

and prejudice[9] or a fundamental miscarriage of justice.[10] *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000), *cert. denied,* 531 U.S. 881, 121 S.Ct. 193 (2000); *Fisher v. Johnson*, 174 F.3d 710, 715 n. 14 (5th Cir.), *reh'g denied*, 189 F.3d 471 (5th Cir. 1999).

There is no basis in the record for equitable tolling. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. at 418, 125 S.Ct. at 1814. A claim of actual innocence does not constitute a "rare and exceptional circumstance" that justifies equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622 (2000).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*,

---

[9] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carriere*, 447 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id.*

In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it.

[10] In order to prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *Glover v. Hargett*, 56 F.3d 682, 684 (5th Cir. 1995). Petitioner has not asserted that he is actually innocent of the second degree murder charges.

174 F.3d 710 (5th Cir. 1999).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, March 10, 2008.

Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE